Good morning, your honors. Thank you. May it please the court that I present Mr. Barbera I present Mr. Barbera Good morning, your honors. She refused to resign I think is how the complaint puts it, but again But are you saying that the complaint, of course it wasn't amended and I understand what happened She chose not to amend the complaint and to proceed with the appeal But I wonder if the complaint says something like, and I wasn't given any further shifts on weekends or I don't believe the complaint says it in those words So that's what I'm, you know, because one thing is you must resign Another is we're not going to put you on a weekend shift and you can't work the day shifts because you've got another job I appreciate that and while I understand your honor's point and I agree I don't think the complaint says it as clearly I think a fair inference from the complaint is that she's been injured by this Imposition of this requirement against her because she's been continuing to ask for these work assignments She's claiming that this has impeded her ability to work And even if she didn't resign, the fact that she's had this disparate assignment scheduling procedure imposed against her When a similarly situated male does not have to have it imposed against him Can I just ask you, you referenced that before, perhaps I've missed that There's a specific allegation that male transport officers have been given permission to work weekend shifts only? At least one, your honor. Paragraph 46, the same requirement has not been applied to at least one similarly situated male Who defendant Brevarski permitted to continue working at the Sheriff's Department as a transport officer relief taking only weekend shifts So that's the reference to at least one similarly situated male, that's the allegation? That's the allegation, your honor. She's a transport officer, he's a transport officer She's seeking to work only weekend shifts because she has this full-time job conflict In which she cannot work the other two shifts during the weekdays This male officer does not have that requirement imposed against him Does the complaint make clear that they are similarly situated? Like it doesn't say a male transport officer who's requesting to work weekend shifts I'm looking at 46, maybe there's another location It just says this requirement has not been applied to at least one similarly situated male Who defendant Brevarski permitted to continue working I'm sorry, it does actually reference a transport officer as a transport officer relief taking only weekend shifts Yes, your honor, thank you I see I'm over my time, if there are no further questions I think I've rebutted Let me just ask you a quick question about Little John Little John is a, I think it's a termination case So someone is terminated and replaced with someone outside the protected class Here you have a female applicant, we'll call her an applicant in light of the context Who contends that she was not selected and a male was Does that mean in every case in which someone of a different gender, race, national origin or other class is hired than you You have met the prima facie case? Well I think while that was a termination case I think this court has held that it applies in higher promotion cases Boone v. Spindler is an example of that But it sounds to me like if that is the rule Then any time a woman is not hired and a man is And the woman, the basic that she was qualified That's sufficient for the prima facie case I think Little John does say that with respect to at least at the pleading stage Because again, Little John made clear that at the pleading stage You get the presumption of the inference of discrimination without having to address a potential I don't think there's a presumption of an inference You still have to plead facts that support, you know, under Twogley-Nickball You have to plead facts that would support the inference You do, you do I guess what I was saying, maybe I misspoke What Little John recognizes is that McDonald-Douglas says that when you establish your prima facie case You show that you're in the protected class, you're qualified, adverse action, inference You get a presumption And at the pleading stage, so long as you plead such facts You're entitled to that presumption at the pleading stage The answer then to my question is yes As long as someone of a different class than you Whether that's race, gender, national origin or some other Is hired, you will, and you are qualified for the job You'll meet the prima facie case every time At least at the pleading stage, yes, Your Honor At the pleading stage I think Little John says that, I think Zimmerman says that And other cases in this court, yes Okay, thank you Thank you, Your Honors Thank you You've got a couple of minutes for rebuttal Ms. Ivey Good morning Lana Ivey from Lippis Matthias on behalf of the appellees I want to just briefly start with Rockland County Because it seems like there's a concession And a statement that there is no claim against Rockland County But the relief requested in the complaint Is clearly relief that only Rockland County could give And I think it was properly dismissed And it's not a necessary party Because plaintiff cannot get injunctive relief From a party that they are not suing So I just want to make sure that that issue is covered So I, obviously we disagree that Just because a male gets one position Versus a female meets the standard But when that's coupled with two individuals saying She's never going to hire you because you're too pretty And she's never going to hire Because she doesn't hire pretty women And another one, her own husband says She doesn't hire women That's not going to happen Why isn't that enough to overcome a prima facie case Of discrimination? Because it doesn't meet the standard laid out by Little John Of when you can have an inference These are two statements by people Who are not involved in the process And it's not even hearsay, right? They're not saying she said it One is the husband of the actor And even the case, the primary case you rely on That type of claim survived a motion to dismiss I understand if we were at a summary judgment motion And there was more added in terms of facts At the pleading stage, why should that be thrown out? Why isn't that enough? That's what I don't understand Even the case you rely on, Fallou That type of claim survived a summary judgment I mean, survived a motion to dismiss Was then dismissed on summary judgment Well, in Fallou, there was a lot more than there was in this case There were a lot of stats There were general allegations That women were not hired for these positions Historical data, that was pretty compelling In this case, you don't have any of that In fact, you don't even have an allegation Because they couldn't supplement it That Ms. Barbera hasn't recommended women before And I want to make it clear that she does not appoint She didn't appoint anyone The sheriff appoints and the legislature Or the sheriff But isn't it sufficient, though, to show that she had personal involvement in the decision Even if she was not the ultimate final decision maker? Well, they don't say that, right? The statement in the complaint is that she is generally highly influential But the reality is, she did not make the appointment And I think that's important If you look at Little John It lays out what you need to get an inference of discrimination So it doesn't say it's automatic It describes ways you can get an inference The first one is employer's criticism of plaintiff's performance In ethnically degrading terms It's racial discrimination in that case So it would be different Isn't this a little different? A lot of times in the cases we're talking about You mentioned that there'll be statistics or things of that sort And we need that when we don't have direct evidence If we're trying to actually have, as you say, an inference of discrimination And someone hasn't said something We look to stats But here, we're having comments We're being told that this individual has said things explicitly Or that in any event, these individuals believe that that is what's going on Isn't that a little different than saying, well, we don't have statistics here This is the planning stage Your Honor, respectfully, I think it is very different Because the reality is that she has appointed women and recommended women And historically, women have been promoted and appointed to these positions So because these statements, again, they're by people not involved in the process In the appointment process, their opinions They're not saying she said this And they can't say that because it's not true So there's a reason this complaint wasn't amended and supplemented They don't have those facts And that's what the district court pointed out That they don't say women don't get appointed Or other women weren't recommended Or women are generally treated differently Well, they say she doesn't hire women And maybe you're right Maybe she's hired a lot of women But that's the point In discovery, if you're correct In discovery, it'll turn out that, in fact, the allegations aren't true But at the pleading stage, we assume them to be true Well, Your Honor, the complaint is very careful to say Someone said she doesn't hire women They don't actually allege she doesn't hire women That fact is not alleged in this complaint Not someone They identified her husband Right And the chief Or someone within a powerful position Well, no, it's a sergeant I don't think he's Again, but those two people We might disagree with you on how But those two people were not involved in Right, they're not in that department And they're not involved in the decision-making process So they don't actually have any personal knowledge of who was But the evidence for allegations doesn't have to come from only people involved It can come from multiple sources Sure, but it still needs to For the complaint, the factual allegations still need to be factual And in this case, again, there are two opinions I mean, there's Right I think this is sort of the point Is if you could use anyone's opinion out there Who's not involved and has no personal knowledge I mean, you could Someone's husband has no personal knowledge of their practices Someone who The chief Has no personal knowledge Well, he can have an opinion The other thing is These statements were not in particular about plaintiff's appointment Or plaintiff's application Right, this is just somebody saying And look, the reality is people say this all the time Right, well, I don't think that would ever happen Or this person would ever let that happen I mean, that's not That can't be enough To state a claim I thought they were directed at the plaintiff And they felt bad that she wasn't hired Now the third time And that they went to her And felt bad and just told her why she wasn't hired It wasn't just, you know, a comment passing in the lunchroom Or at the water cooler It was specifically in response to the fact that she wasn't hired, wasn't it? So what is alleged And, you know, just to be clear We obviously dispute that this ever happened But what is alleged is that there was a conversation with her But the statements themselves are not, right And I think it's important because there's only two statements They are not You didn't get hired because of this They are general opinions about what Ms. Barbera says Or not says, but would do, hypothetically But they're not factual accusations, really And again, they don't The reason they're not factual is because she has appointed And they weren't part of the process They don't know if other women were considered Or they don't even say other women weren't selected I mean, that's I don't know how you can infer gender discrimination When for some of these positions, you know, patrol officer They don't say women weren't appointed to those positions I mean, this is an isolated situation And there's just no evidence And I would say that these opinion statements that are general By people who are not involved Are not factual allegations That alone can support this They're not corroborating anything That's all they have And then with Chief Brevarski I mean, they literally have nothing And I think this comparator Of one male who was allowed Again, I think the facts here are a little bit unclear The way that it was summarized Essentially, plaintiff takes a full-time job Right, so she can't work during the week Because she took a different full-time job She says, I only want to work on weekends The answer was, okay But if you're going to work on weekends, that's fine But you still need four shifts per pay period Really, this only becomes a problem If she doesn't show up for those shifts And she is not available during the week to make them up Because she has a different job So, you know, it's a self-created issue Where if she chooses not to work the weekend shift And do something else Then she won't meet the requirement But this doesn't have anything to do with her gender It has to do with the fact that she's a full-time employee And isn't actually willing to work seven days a week And I don't think there is really anything Supporting gender discrimination there With respect to either Defendant, I just want to make also note That in Little John When the claim is against the individuals In their personal capacities Not only do they have to be personally involved In discrimination But the supervisor's actions have to be The proximate cause of the deprivation And so there is an extra element they have to meet So to the extent they say Under Sheriff Barbera was highly influential Or part of this They do also have to take the next step And say she proximately caused The fact that plaintiff wasn't appointed And that didn't, again, that didn't happen Because she's not actually the one making the appointment If there aren't any other questions I'll rest on our brief Thank you very much Thank you, your honors Proximate cause, I think the complaint explicitly says That Barbera did not even interview our client So that's direct involvement in the process That would deprive the ability of any Further down the road decision maker To consider the applicant if they're not even interviewed In terms of the comments Judge Kahn, I think your questioning was on point Paragraphs 27 and 28 explicitly state That the comments were in response to The failure to appoint our client to these positions And that my wife does not appoint women to this position It's specifically in the context of the denial of the position In terms of Rockland County As noted in our briefs and in the complaint Rockland County was included as a necessary party We seek in the prayer for relief That if our client prevails at trial One of the elements of relief is that equitable relief She'd be appointed to the position that she should have been appointed But for the discrimination And there may be circumstances in which These individual defendants would not be able to Afford her that relief if they're no longer there Or for some reason they don't have the authority to do that So the County of Rockland was included as a necessary party But wouldn't that just make Monell meaningless? If every time, right, because Monell says You can only bring the municipality in Or the county in this case in as a defendant They're only a defendant if there's a sort of a custom Or a pattern of practice, right? So if instead the argument is that Every time an individual employee is named Their employer, the governmental entity Is a necessary party and therefore remains a defendant Wouldn't that make Monell meaningless? I don't think it would make Monell meaningless Because we're not saying that we have a claim against the county We're seeking relief against the county We're seeking relief for the actions of the individual defendants That only the county might be able to afford at some point in the future And we're giving the county the opportunity To participate in this litigation through joining them To raise whatever defenses or whatever arguments They think might be relevant to address the issue of relief I'm sure they appreciate it But they could move to intervene or something If they wanted to be in it But again, I don't see how it doesn't eliminate Monell Could we still need to succeed against the individual defendants? If we fail against the individual defendants Then the county prevails It doesn't have to provide any relief We don't have a claim against the county But if we do prevail against the individual defendants And if for some reason the individual defendants At the time of judgment are not in a position Or do not have the authority to afford full relief We think it was appropriate to include the county In the action for that reason Because the county is the ultimate employer And would be able to effectuate ultimately, potentially That relief if it's ultimately granted Could I ask you a question about paragraph 36 Where it says that Barbera, quote, Has remained highly influential in the appointment process Your argument is that that's sufficient For personal involvement and for proximate cause That she's, quote, highly influential Well, I think there's other allegations as well That she has, in paragraph 4 She determines or has significant influence Over who the Sheriff's Department hires And then as I noted before The paragraph, I believe it's 40 I'm sorry, 30 About the interviews About the interviews, exactly She decided not to interview Our client asked why wasn't I interviewed There wasn't really a response I hired, I chose an internal candidate I mean, I think that's personal involvement And she's the undersheriff If she's not the ultimate person Who signs the letter that says you've been hired I think a fair inference from the complaint Particularly in light of the paragraphs I've just mentioned Are enough to show personal involvement Again, at the pleading stage to get to discovery I think a lot of counsel's arguments Were factual arguments that could be made On summary judgment after discovery Elucidates more of the facts But at the pleading stage I would submit respectfully, Your Honors That we've met our burden And that the judgment should be reversed Thank you very much Thank you very much, Your Honors We'll take this case under advisement